UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

RICHARDSON STEVEDORING &
LOGISTICS SERVICES, INC.,

    Plaintiff,

vs.                                        CASE NO.:

M/V *GLORIANA*, *in rem*,

    Defendant.
_____/

**VERIFIED *IN REM* COMPLAINT**

Plaintiff, RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC. ("RICHARDSON"), pursuant to Supplemental Admiralty Rule C and Local Admiralty Rule C, files its causes of action against Defendant, the M/V *GLORIANA* (IMO #9211121), her tackle, apparel, etc. *in rem* (hereinafter the "Vessel"); and in support thereof, respectfully states as follows:

**Jurisdiction and Venue**

1.  This action is brought by a stevedoring company against the Vessel *in rem* to recover unpaid charges for cargo handling and related services provided to the Vessel in Houston, Texas.

2.  RICHARDSON's cause against the Vessel *in rem* to recover charges for necessaries presents an admiralty or maritime case within the jurisdiction of the United States and this Honorable Court pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure, and are brought pursuant to General

Maritime Law, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3. Venue is proper because the Vessel, either is now, or will be during pendency of this action, within this District and subject to this Court's jurisdiction.

## Parties

4. RICHARDSON was and is a Texas corporation with its principal place of business in Houston, Texas, and is in the business of providing stevedoring, terminal storage, and other marine cargo handling services in the Ports of Houston, Texas and Mobile, Alabama to ocean carriers that own, operate, manage, and/or charter vessels.

5. RICHARDSON is informed and believes that the Vessel (IMO # 9211121; CALL SIGN MRBS9; 29,499 GROSS TONS), her tackle, apparel, etc. is a United Kingdom flagged vessel which, upon information and belief, either is now, or during the currency of process herein, will be within the territorial waters of this District and the jurisdiction of this Honorable Court. RICHARDSON is informed and believes that the approximate value of the Vessel is greater than $10,000,000USD.

## Facts

6. In November 2014, RICHARDSON was engaged by Daebo International Shipping Co., Ltd. – the Vessel's charterer, agent appointed by the owner or charterer, or other person entrusted with the management of the Vessel – to discharge inbound cargoes of steel products from the Vessel in accordance with established stevedoring and terminal freight handling rates agreed to through nomination of RICHARDSON as its stevedore.[1]

---

[1] *See* True and correct copy of Email from Daebo Int'l Shipping Co. dated 12/1/14, nominating RICHARDSON as stevedore to discharge the M/V *GLORIANA* in Houston, Texas, attached as Ex. A.

7. Pursuant to that nomination, RICHARDSON fully performed discharge of the Vessel and, upon completion on December 22, 2014, provided the Vessel's Master with an Over, Short and Damaged Report[2] detailing which commodities listed in the Cargo Manifest[3] were received, over-shipped, short-shipped, or received in an unsatisfactory or damaged condition. Further, RICHARDSON also provided the Master daily Vessel Activity Reports[4] describing the daily work performed for the Vessel. The OS&D and Vessel Activity Reports were both signed by the Vessel's Master acknowledging same upon completion of operations.[5]

## CAUSE OF ACTION

8. RICHARDSON re-alleges all prior paragraphs as though fully set forth herein.

9. RICHARDSON, at the special instance and request of the master, owners and/or charterers of the *M/V GLORIANA*, and/or the person to whom management of said vessel at the port of discharge was entrusted, furnished to the Vessel stevedore, terminal and other maritime services and necessaries at the Port of Houston, Texas involving discharge of certain steel products[6] during the time period from December 9 until December 22, 2014;[7] that the value of said services was, at the time they were furnished, and now is, $303,853.94, which sum is now owing and unpaid.[8]

---

[2] *See* True and correct copy of RICHARDSON's Preliminary OS&D Report dated 12/22/14 for cargo discharged from the Vessel, attached as Ex. B.

[3] *See* True and correct copy of Export Cargo Manifest for Voyage No. 14L09T, describing commodities to be discharged in Houston, Texas, attached as Ex. C.

[4] *See* True and correct copy of Vessel Activity Reports for work performed from 12/9/14 until 12/22/14, attached as Ex. D.

[5] *See* Preliminary OS&D Report, Ex. B at pg. 11; and Vessel Activity Reports, Ex. D (all pages).

[6] *See* Preliminary OS&D Report furnished to the Vessel and acknowledged by the Master upon completion of cargo operations, Ex. B; and Cargo Manifest for the Vessel, Ex. C.

[7] *See* Vessel Activity Reports, Ex. D.

[8] *See* True and correct copies of RICHARDSON's Invoice No. 0009225 to Owner and Operator of the Vessel, attached as page 2 of Ex. E.

3

10. In furnishing and supplying said stevedore, terminal and other maritime services and necessaries to the Vessel, RICHARDSON relied upon the credit of the Defendant Vessel. Said services were necessary to the Vessel and enabled her to proceed on and complete her voyage.

11. Despite being sent demand for payment of the balance due and owing for such stevedore, terminal and other maritime services and necessaries furnished to the Vessel, neither the Vessel's owner, manager, nor charterer has paid any part of the balance due, and the whole of that balance is now due, owing and unpaid to RICHARDSON.[9]

12. The above-described stevedore, terminal and other maritime services constitute necessaries that entitle RICHARDSON to a maritime lien against the Vessel pursuant to 46 U.S.C. § 31341 *et seq.* for the full amount owed, together with interest and costs.

**WHEREFORE**, Plaintiff, RICHARDSON STEVEDORING AND LOGISTICS SERVICES, INC., prays:

a. That a warrant for the arrest of the Vessel may issue, and that all persons claiming any interest therein may be cited to appear and answer the matter aforesaid;

b. That as soon as practicable following the arrest and/or seizure of the Vessel, a further hearing be held by this Court pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

c. That a judgment may be entered in favor of Plaintiff for the amount of its claims with prejudgment interest at the legal rate and for costs, and that the Vessel be condemned and sold to pay the same;

d. That Plaintiff have judgment in the sum of $303,853.94USD, plus prejudgment interest and costs; and

e. That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

---

[9] *See* True and correct copies of RICHARDSON's Invoice No. 0009225 transmitted by Email to Owner and Manager of the Vessel, Gloriana Ltd. and British Marine Plc., respectively, attached as Ex. E.

Respectfully submitted,

/s/ William M. Poage
**ROBERT B. BIRTHISEL**
Florida Bar Number: 906654
**JULES V. MASSEE**
Florida Bar Number:  041554
jmassee@hamiltonmillerlaw.com
**WILLIAM M. POAGE**
Florida Bar Number:  112695
mpoage@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
P:  813-223-1900 / F:  813-223-1933
**E-SERVICE**: CBBserve@hamiltonmillerlaw.com
*Counsel for Plaintiff*

## VERIFICATION

My name is Kelly Richardson. I am over eighteen (18) years of age and otherwise am fully competent and able to make this Declaration. Accordingly, the statements contained herein are within my personal knowledge and true and correct.

I am Vice President of Richardson Stevedoring & Logistics Services, Inc. ("Richardson"). As Vice President of Richardson, I am responsible for the day-to-day operations and management of the company. Richardson provides stevedoring services, including the loading and discharging of cargo, to vessels calling the Ports of Houston, Texas, and Mobile, Alabama.

I have read and know the contents of the Verified Complaint and represent that same are true to the best of my knowledge, except as to matters stated to be on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 10th day of December, 2015.

_____
Kelly Richardson
Vice President
Richardson Stevedoring & Logistics
Services, Inc.